UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 6879

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JOHN AARON BROOKS, | ) ) ) |
| Defendant. | ) ) ) ) |

Case No. _____

**ECF Case**

COMPLAINT FOR INJUNCTIVE AND
OTHER EQUITABLE RELIEF AND FOR
CIVIL MONETARY PENALTIES
PURSUANT TO THE COMMODITY
EXCHANGE ACT

**JURY TRIAL DEMANDED**

The U.S. Commodity Futures Trading Commission (the "Commission" or the "CFTC"),

by and through its attorneys, hereby alleges as follows:

## I.

## SUMMARY

1.      For the majority of the days for nearly eleven months beginning in or about

November 2010, and continuing through on or about October 20, 2011 (the "Relevant Period"),

defendant John Aaron Brooks ("Brooks" or "Defendant"), then employed as Director in the

commodities business of an affiliate of a large commercial bank, violated the anti-fraud

provisions of Sections 4b(a)(1)(A)-(C) and Section 6(c)(1) of the Commodity Exchange Act

("Act") and Commission Regulation ("Regulation") 180.1.

2.      Specifically, Brooks schemed to conceal from the bank and its affiliate trading

losses by inflating the value of New York Mercantile Exchange ("NYMEX") Chicago Ethanol

(Platts) Futures contracts ("NYMEX ethanol futures").  Brooks was responsible for valuing and

reporting the value of his ethanol futures positions in his trading book, which involved manually

entering position information, including but not limited to the price of the position, into the bank affiliate's systems. To conceal the trading losses he was incurring, Brooks manually entered falsely inflated ethanol futures values.

3.      The losses concealed ultimately grew to cause the bank and its affiliate to suffer over $40 million in realized losses before Brooks's fraud was detected, leading to his termination.

4.      To effectuate the scheme, Brooks knowingly entered false inflated prices into an internal trade booking and valuation computer software system.

5.      Accordingly, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-l, the Commission brings this action to enjoin such acts and practices, and compel compliance with the Act. In addition, the Commission seeks restitution, civil monetary penalties and such other equitable and ancillary relief as the Court deems necessary or appropriate under the circumstances.

6.      Unless restrained and enjoined by this Court, there is a reasonable likelihood that Defendant will continue to engage in the acts and practices alleged in this Complaint.

## II.

### JURISDICTION AND VENUE

7.      The Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

8.      Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C.

§ 13a-l(e) (2006), in that Defendant transacted business in this District, and the acts and practices in violation of the Act have occurred within this District.

## III.

### PARTIES

9.    Plaintiff U.S. Commodity Futures Trading Commission (as defined above, the "Commission" or "CFTC") is an independent federal regulatory agency charged with the responsibility for administering and enforcing the provisions of the Act and Commission Regulations.

10.    Defendant John Aaron Brooks ("Brooks") is an individual who resides in Houston, Texas.  Throughout the Relevant Period, Brooks was employed by an affiliate of a large commercial bank with its principal place of business in New York, New York.  Brooks worked in an affiliate of the bank in Houston.

## IV.

### FACTS

11.    During the Relevant Period, Brooks was employed by an affiliate of a large commercial bank and traded, among other products, ethanol, corn, soybeans, and cattle futures, and options on futures.

12.    The NYMEX is a registered entity pursuant to Section 1a(29) of the Commodity Exchange Act ("Act") with its principal place of business in New York, New York.

13.    CU is the NYMEX symbol for the NYMEX ethanol futures that Brooks falsely inflated, which are subject to the NYMEX rules.

14.    Brooks was trading ethanol futures for and on behalf of an affiliate of the bank.

3

15.     Brooks incurred mark-to-market losses, most of which occurred in other ethanol futures and ethanol forward contracts traded on the Chicago Board of Trade.  As the losses grew over the Relevant Period, Brooks increasingly falsely inflated the value of his NYMEX ethanol futures to camouflage the increasingly higher losses he experienced on his other positions.

16.     Given his experience as a senior ethanol trader, Brooks knew that he was responsible for entering the fair market value, as represented by the broker quotations and/or NYMEX settlement prices, of his NYMEX ethanol futures into the bank's computer system.  Brooks knew, received, and/or had access to fair market valuations of his NYMEX ethanol futures throughout the Relevant Period, including broker quotations and/or NYMEX ethanol futures settlement prices.

17.     The amount by which Brooks inflated the value of his NYMEX ethanol futures varied to correspond to the amount of losses in his other positions.  In some instances, Brooks's valuations deviated from fair market value, as represented by broker quotations provided to Brooks and/or the daily NYMEX ethanol futures settlement prices, by more than two times.

18.     At the end of each trading day, month after month, during the Relevant Period, Brooks knew or recklessly disregarded the fact that he was entering false values for NYMEX ethanol futures into the bank's computer system.  Attached as Exhibit 1 is a list of Brooks's falsely inflated entries in the bank's computer system for NYMEX ethanol futures, broker quotes for ethanol futures received by Brooks and NYMEX settlement prices for ethanol futures.

19.     Brooks acted with scienter during the Relevant Period.

20.     The scheme began to unravel on or about October 18, 2011, when Brooks exceeded internal trade limits on cattle futures.  The next day, Brooks's boss directed Brooks to

unwind all of his positions.

21.     In response, Brooks liquidated all of his positions except for his ethanol futures

positions.  Brooks did not liquidate his ethanol futures position because that liquidation would

expose the losses that Brooks was offsetting and masking.

22.     Thereafter, Brooks was suspended by his employer and denied trading access.

23.     Brooks was terminated on or about October 27, 2011.

24.     When Brooks was asked questions under oath about the mismarking of the

NYMEX ethanol futures, Brooks repeatedly "decline[d] to answer based on [his] Fifth

Amendment and constitutional rights in Ohio versus Reiner."

25.     The total losses to the bank as a result of Brooks's scheme were approximately

$42.4 million.

## V.

## VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT I

#### Fraud In Connection With Sale Or Purchase Of Futures Contracts

26.     The allegations set forth in paragraphs 1 through 24 are re-alleged and

incorporated herein by reference.

27.     Sections 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. §§ 6b (a)(1)(A)-(C), make it

unlawful for any person, in or in connection with any order to make, or the making of, any

contract of sale of any commodity in interstate commerce or for future delivery that is made, or

to be made, on or subject to the rules of a designated contract market, for or on behalf of any

other person- (A) to cheat or defraud or attempt to cheat or defraud the other person; (B)

willfully to make or cause to be made to the other person any false report or statement or

willfully enter or cause to be entered for the other person any false record; or (C) willfully to deceive or attempt to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person.

28.    As set forth above, in or in connection with futures contracts made, or to be made, for or on behalf of other persons, Brooks cheated or defrauded or attempted to cheat or defraud the bank and its affiliate by, among other things, knowingly offsetting and masking the losses in his other positions and misrepresenting his profits & losses ("P&L") to the bank and its affiliate by inflating and mismarking and/or causing to be inflated and mismarked the value of his position in ethanol futures in the bank affiliate's proprietary account.

29.    By this conduct, Brooks violated Section 4b(a)(1)(A)-(C) of the Act as amended by the Commodity Exchange Reauthorization Act, to be codified at 7 U.S.C. §§6b(a)(l)(A)-(C).

30.    Defendant Brooks acted with scienter and did not act in good faith.

31.    Each misrepresentation or omission of material fact, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4b(a)(1)(A)-(C) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(l)(A)-(C).

## COUNT II

### Violations of Section 6(c)(1) of the Act, as Amended, and Regulation 180.1(a): Fraud by Manipulative or Deceptive Devices or Contrivances

32.    Paragraphs 1 through 30 are re-alleged and incorporated herein by reference.

33.    Section 6(c)(1) of the Act, as amended, to be codified at 7 U.S.C. §§ 9, 15, provides, in relevant part:

> It shall be unlawful for any person, directly or indirectly, to use or employ or attempt to use or employ, in connection with any swap, or a contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity, any manipulative or deceptive device or contrivance, in contravention of such rules and regulations as the Commission shall promulgate . . .

34.     Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2011), provides, in relevant part: It shall be unlawful for any person, directly or indirectly, in connection with any swap, or contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, to intentionally or recklessly:

> (1) Use or employ, or attempt to use or employ, any manipulative device, scheme, or artifice to defraud;
> (2) Make, or attempt to make, any untrue or misleading statement of a material fact or to omit to state a material fact necessary in order to make the statements made not untrue or misleading;
> (3) Engage, or attempt to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person . . . .

35.     Since at least November, 2010 through October 18, 2011, Brooks used or employed manipulative or deceptive devices or contrivances, in connection with a contract of sale of any commodity in interstate commerce, including, but not limited to, making untrue or misleading statements of material facts, or omitting material facts necessary to make the statements not untrue or misleading, including, but not limited to, knowingly misrepresenting the values of his NYMEX ethanol futures.

36.     By this conduct, Brooks violated Section 6(c)(1) of the Act, as amended, to be codified at 7 U.S.C. §§ 9, 15 and Regulation 180.1(a), 17 C.F.R. § 180.1(a).

37.     Brooks directly engaged in these acts knowingly or with reckless disregard for the truth.

38.     Each misappropriation and misrepresentation or omission of material fact,

including, but not limited to, those specifically alleged herein, is alleged as a separate and distinct violation by Defendant of Section 6(c)(1) of the Act, as amended, codified at 7 U.S.C. §§ 9, 15, and Regulation 180.1(a), 17 C.F.R. § 180.1(a).

39.     Each manipulative or deceptive device or contrivance used or employed on or after November, 2010, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 6(c)(1) of the Act, as amended, codified at 7U.S.C. §§ 9, 15, and Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2011).

## VI.

### RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that the Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), and pursuant to its own equitable powers, enter:

a)      An order finding that Defendant violated Sections 4b(a)(l)(A) - (C) of the Act as amended by the CRA, 7 U.S.C. §§ 6b(a)(l)(A)-(C);

b)      An order finding that Defendant violated Section 6(c)(1) of the Act, as Amended, and Regulation 180.1(a);

c)      An order of permanent injunction prohibiting Defendant and any of his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant, including any successor thereof, from directly or indirectly:

(i)      Engaging in conduct in violation of Sections 4b(a)(l)(A)-(C) of the Act as amended by the CRA, 7 U.S.C. §§ 6b(a)(2)(A)-(C);

(ii)     Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the Dodd-Frank Act, 7 U.S.C. § 1a);

(iii)     Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh)(2011)) ("commodity options"), security futures products, swaps (as that term is defined in Section 1a(47) of the Act, as amended, and as further defined by Commission regulation 1.3(xxx), 17 C.F.R. 1.3(xxx)), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended by the Dodd-Frank Act, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts"), for their own personal accounts or for any account in which they have a direct or indirect interest;

(iv)     Having any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts traded on their behalf;

(v)     Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

(vi)     Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

(vii)     Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011 ); and

(viii)   Acting as a principal (as that term is defined in Regulation 3.1 (a),

C.F.R. § 3.1(a) (2011)), agent, or any other officer or employee of any person registered,

exempted from registration or required to be registered with the CFTC except as

provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

d)   An order directing Defendant to disgorge, pursuant to such procedure as the

Court may order, all ill-gotten gains or benefits received from the acts and practices

which constitute violations of the Act, as described herein, and pre- and post-judgment

interest thereon from the date of such violations;

e)   An order directing Defendant to make full restitution to every person or entity whose

funds he received or caused another person or entity to receive as a result of acts and practices

that constituted violations of the Act, as amended, as described herein, and post-judgment

interest thereon from the date of such violations;

f)   An order directing Brooks to pay a civil monetary penalty in the amount provided

pursuant to Section 6c(d)(l) of the Act, 7 U.S.C. § 13a-1 (2006), and Commission

Regulation 143.8, 17 C.F. R. § 143.8 (2008), or triple the monetary gain to the Defendant

for each violation of the Act described herein, plus post-judgment interest;

g)   An order requiring Defendant to pay costs and fees as permitted by 28 U.S.C. §§

1920 and 2412(a)(2); and

h)   Such other and further relief as the Court deems proper.

# VII.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated:  September 27, 2013

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF U.S.
COMMODITY FUTURES TRADING
COMMISSION

Michael P. Geiser

Manal Sultan, Deputy Director
Janine Gargiulo, Trial Attorney
Michael P. Geiser, Trial Attorney
David Acevedo, Chief Trial Attorney
U.S. Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th floor
New York, NY 10005
Telephone: (646) 746-9700
Fax: (646) 746-9940

# EXHIBIT 1

**Exhibit 1**

Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 11/9/2010 | Apr-11 | 2.235 | 2.255 | | | 0.89% |
| 11/10/2010 | Apr-11 | 2.2 | 2.240 | | | 1.82% |
| 11/11/2010 | Apr-11 | 2.185 | 2.230 | | | 2.06% |
| 11/12/2010 | Apr-11 | 2.1 | 2.190 | | | 4.29% |
| 11/15/2010 | Apr-11 | 2.115 | 2.230 | | | 5.44% |
| 11/16/2010 | Apr-11 | 2.06 | 2.200 | | | 6.80% |
| 11/17/2010 | Apr-11 | 2.105 | 2.200 | | | 4.51% |
| 11/18/2010 | Apr-11 | 2.1 | 2.220 | | | 5.71% |
| 11/19/2010 | Apr-11 | 2.04 | 2.200 | | | 7.84% |
| 11/22/2010 | Apr-11 | 2.015 | 2.190 | | | 8.68% |
| 11/23/2010 | Apr-11 | 2.045 | 2.190 | | | 7.09% |
| 11/24/2010 | Apr-11 | 2.08 | 2.190 | | | 5.29% |
| 11/26/2010 | Apr-11 | 2.08 | 2.190 | | | 5.29% |
| 11/29/2010 | Apr-11 | 2.075 | 2.170 | | | 4.58% |
| 11/30/2010 | Apr-11 | 2.05 | 2.140 | | | 4.39% |
| 12/1/2010 | Apr-11 | 2.09 | 2.170 | | | 3.83% |
| 12/2/2010 | Apr-11 | 2.08 | 2.170 | | | 4.33% |
| 12/3/2010 | Apr-11 | 2.125 | 2.200 | | | 3.53% |
| 12/6/2010 | Apr-11 | 2.115 | 2.190 | 2.105 | 2.125 | 3.55% |
| 12/7/2010 | Apr-11 | 2.115 | 2.190 | 2.11 | 2.125 | 3.55% |
| 12/8/2010 | Apr-11 | 2.135 | 2.190 | | | 2.58% |
| 12/9/2010 | Apr-11 | 2.155 | 2.190 | | | 1.62% |
| 12/10/2010 | Apr-11 | 2.16 | 2.190 | | | 1.39% |
| 12/13/2010 | Apr-11 | 2.205 | 2.210 | | | 0.23% |
| 12/14/2010 | Apr-11 | 2.205 | 2.220 | | | 0.68% |
| 12/15/2010 | Apr-11 | 2.2 | 2.205 | | | 0.23% |
| 12/16/2010 | Apr-11 | 2.21 | 2.240 | | | 1.36% |

**Exhibit 1**

Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 12/17/2010 | Apr-11 | 2.2275 | 2.260 | | | 1.46% |
| 12/20/2010 | Apr-11 | 2.245 | 2.275 | | | 1.34% |
| 12/21/2010 | Apr-11 | 2.25 | 2.280 | | | 1.33% |
| 12/22/2010 | Apr-11 | 2.2675 | 2.300 | | | 1.43% |
| 12/23/2010 | Apr-11 | 2.2725 | 2.315 | | | 1.87% |
| 12/27/2010 | Apr-11 | 2.29 | 2.325 | | | 1.53% |
| 12/28/2010 | Apr-11 | 2.315 | 2.350 | 2.3 | 2.33 | 1.51% |
| 12/29/2010 | Apr-11 | 2.3175 | 2.350 | 2.31 | 2.325 | 1.40% |
| 12/30/2010 | Apr-11 | 2.3 | 2.340 | 2.29 | 2.31 | 1.74% |
| 12/31/2010 | Apr-11 | 2.325 | 2.370 | | | 1.94% |
| 1/3/2011 | Apr-11 | 2.32 | 2.345 | | | 1.08% |
| 1/4/2011 | Apr-11 | 2.2825 | 2.320 | 2.28 | 2.29 | 1.64% |
| 1/5/2011 | Apr-11 | 2.2925 | 2.360 | 2.28 | 2.295 | 2.94% |
| 1/6/2011 | Apr-11 | 2.2475 | 2.330 | 2.24 | 2.255 | 3.67% |
| 1/7/2011 | Apr-11 | 2.235 | 2.315 | 2.245 | 2.25 | 3.58% |
| 1/10/2011 | Apr-11 | 2.2675 | 2.350 | 2.265 | 2.285 | 3.64% |
| 1/11/2011 | Apr-11 | 2.265 | 2.345 | 2.27 | 2.28 | 3.53% |
| 1/12/2011 | Apr-11 | 2.34 | 2.420 | 2.325 | 2.34 | 3.42% |
| 1/13/2011 | Apr-11 | 2.35 | 2.445 | 2.35 | 2.38 | 4.04% |
| 1/14/2011 | Apr-11 | 2.3625 | 2.460 | 2.31 | 2.35 | 4.13% |
| 1/18/2011 | Apr-11 | 2.3775 | 2.495 | 2.375 | 2.38 | 4.94% |
| 1/19/2011 | Apr-11 | 2.3425 | 2.465 | 2.35 | 2.365 | 5.23% |
| 1/20/2011 | Apr-11 | 2.3525 | 2.480 | 2.3 | 2.34 | 5.42% |
| 1/21/2011 | Apr-11 | 2.3675 | 2.500 | 2.345 | 2.37 | 5.60% |
| 1/24/2011 | Apr-11 | 2.3525 | 2.495 | 2.35 | 2.36 | 6.06% |
| 1/25/2011 | Apr-11 | 2.31 | 2.455 | 2.315 | 2.33 | 6.28% |
| 1/26/2011 | Apr-11 | 2.355 | 2.500 | 2.345 | 2.36 | 6.16% |

**Exhibit 1**

Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 1/27/2011 | Apr-11 | 2.3375 | 2.485 | 2.335 | 2.34 | 6.31% |
| 1/28/2011 | Apr-11 | 2.3275 | 2.485 | 2.335 | 2.35 | 6.77% |
| 1/31/2011 | Apr-11 | 2.3525 | 2.550 | 2.345 | 2.36 | 8.40% |
| 2/1/2011 | Apr-11 | 2.3738 | 2.575 | 2.37 | 2.375 | 8.48% |
| 2/2/2011 | Apr-11 | 2.38 | 2.580 | 2.375 | 2.39 | 8.40% |
| 2/3/2011 | Apr-11 | 2.3763 | 2.580 | 2.375 | 2.38 | 8.57% |
| 2/4/2011 | Apr-11 | 2.4125 | 2.615 | 2.38 | 2.41 | 8.39% |
| 2/7/2011 | Apr-11 | 2.4075 | 2.610 | 2.41 | 2.415 | 8.41% |
| 2/8/2011 | Apr-11 | 2.3975 | 2.600 | 2.395 | 2.4 | 8.45% |
| 2/9/2011 | Apr-11 | 2.4575 | 2.675 | 2.45 | 2.465 | 8.85% |
| 2/10/2011 | Apr-11 | 2.4688 | 2.695 | 2.465 | 2.475 | 9.16% |
| 2/11/2011 | Apr-11 | 2.48 | 2.705 | 2.46 | 2.48 | 9.07% |
| 2/14/2011 | Apr-11 | 2.4588 | 2.695 | 2.46 | 2.475 | 9.61% |
| 2/15/2011 | Apr-11 | 2.4525 | 2.695 | 2.435 | 2.45 | 9.89% |
| 2/16/2011 | Apr-11 | 2.4525 | 2.695 | 2.435 | 2.445 | 9.89% |
| 2/17/2011 | Apr-11 | 2.5125 | 2.760 | 2.505 | 2.52 | 9.85% |
| 2/18/2011 | Apr-11 | 2.51 | 2.760 | 2.5 | 2.52 | 9.96% |
| 2/22/2011 | Apr-11 | 2.448 | 2.690 | | | 9.89% |
| 2/23/2011 | Apr-11 | 2.4875 | 2.735 | | | 9.95% |
| 2/24/2011 | Apr-11 | 2.48 | 2.740 | | | 10.48% |
| 2/25/2011 | Apr-11 | 2.5375 | 2.790 | 2.535 | 2.545 | 9.95% |
| 2/28/2011 | Apr-11 | 2.565 | 2.805 | 2.555 | 2.57 | 9.36% |
| 3/1/2011 | Jun-11 | 2.5863 | 2.805 | 2.585 | 2.595 | 8.46% |
| 3/2/2011 | Jun-11 | 2.585 | 2.805 | 2.585 | 2.605 | 8.51% |
| 3/3/2011 | Jun-11 | 2.615 | 2.830 | | | 8.22% |
| 3/4/2011 | Jun-11 | 2.605 | 2.820 | | | 8.25% |
| 3/7/2011 | Jun-11 | 2.5738 | 2.800 | 2.57 | 2.59 | 8.79% |

**Exhibit 1**

Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 3/8/2011 | Jun-11 | 2.5375 | 2.780 | 2.535 | 2.555 | 9.56% |
| 3/9/2011 | Jun-11 | 2.52 | 2.780 | 2.52 | 2.525 | 10.32% |
| 3/10/2011 | Jun-11 | 2.485 | 2.760 | 2.465 | 2.485 | 11.07% |
| 3/11/2011 | Jun-11 | 2.4338 | 2.740 | 2.41 | 2.455 | 12.58% |
| 3/14/2011 | Jun-11 | 2.44 | 2.750 | 2.41 | 2.43 | 12.70% |
| 3/15/2011 | Jun-11 | 2.3213 | 2.690 | 2.335 | 2.365 | 15.88% |
| 3/16/2011 | Jun-11 | 2.285 | 2.680 | | | 17.29% |
| 3/17/2011 | Jun-11 | 2.4 | 2.780 | 2.32 | 2.36 | 15.83% |
| 3/18/2011 | Jun-11 | 2.475 | 2.855 | 2.475 | 2.495 | 15.35% |
| 3/21/2011 | Jun-11 | 2.48 | 2.855 | 2.475 | 2.485 | 15.12% |
| 3/22/2011 | Jun-11 | 2.4725 | 2.855 | 2.45 | 2.47 | 15.47% |
| 3/23/2011 | Jun-11 | 2.47 | 2.855 | 2.455 | 2.47 | 15.59% |
| 3/24/2011 | Jun-11 | 2.4938 | 2.885 | | | 15.69% |
| 3/25/2011 | Jun-11 | 2.485 | 2.880 | | | 15.90% |
| 3/28/2011 | Jun-11 | 2.455 | 2.875 | 2.46 | 2.47 | 17.11% |
| 3/29/2011 | Jun-11 | 2.52 | 2.890 | 2.46 | 2.475 | 14.68% |
| 3/30/2011 | Jun-11 | 2.4425 | 2.890 | 2.43 | 2.44 | 18.32% |
| 3/31/2011 | Jun-11 | 2.6113 | 3.010 | 2.57 | 2.6 | 15.27% |
| 4/1/2011 | Jun-11 | 2.645 | 3.025 | 2.635 | 2.645 | 14.37% |
| 4/4/2011 | Jun-11 | 2.685 | 3.045 | 2.66 | 2.68 | 13.41% |
| 4/5/2011 | Jun-11 | 2.695 | 3.075 | 2.69 | 2.705 | 14.10% |
| 4/6/2011 | Jun-11 | 2.68 | 3.075 | 2.685 | 2.71 | 14.74% |
| 4/7/2011 | Jun-11 | 2.68 | 3.075 | 2.67 | 2.69 | 14.74% |
| 4/8/2011 | Jun-11 | 2.7 | 3.115 | 2.67 | 2.69 | 15.37% |
| 4/11/2011 | Jun-11 | 2.7175 | 3.115 | 2.715 | 2.735 | 14.63% |
| 4/12/2011 | Jun-11 | 2.6575 | 3.100 | 2.66 | 2.665 | 16.65% |
| 4/13/2011 | Jun-11 | 2.66 | 3.110 | 2.665 | 2.69 | 16.92% |

**Exhibit 1**

Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 4/14/2011 | Jun-11 | 2.6475 | 3.110 | 2.635 | 2.655 | 17.47% |
| 4/15/2011 | Jun-11 | 2.6275 | 3.110 | 2.625 | 2.64 | 18.36% |
| 4/18/2011 | Jun-11 | 2.635 | 3.130 | 2.625 | 2.645 | 18.79% |
| 4/19/2011 | Jun-11 | 2.6263 | 3.130 | 2.62 | 2.64 | 19.18% |
| 4/20/2011 | Jun-11 | 2.5825 | 3.130 | 2.575 | 2.585 | 21.20% |
| 4/21/2011 | Jun-11 | 2.595 | 3.170 | 2.585 | 2.615 | 22.16% |
| 4/25/2011 | Jun-11 | 2.65 | 3.210 | 2.645 | 2.66 | 21.13% |
| 4/26/2011 | Jun-11 | 2.655 | 3.210 | 2.65 | 2.67 | 20.90% |
| 4/27/2011 | Jun-11 | 2.645 | 3.210 | 2.645 | 2.66 | 21.36% |
| 4/28/2011 | Jun-11 | 2.5775 | 3.160 | 2.58 | 2.585 | 22.60% |
| 4/29/2011 | Jun-11 | 2.65 | 3.230 | 2.635 | 2.65 | 21.89% |
| 5/2/2011 | Jun-11 | 2.6275 | 3.230 | 2.625 | 2.64 | 22.93% |
| 5/3/2011 | Jun-11 | 2.63 | 3.230 | 2.61 | 2.63 | 22.81% |
| 5/4/2011 | Jun-11 | 2.6363 | 3.230 | 2.625 | 2.635 | 22.52% |
| 5/5/2011 | Jun-11 | 2.58 | 3.180 | 2.575 | 2.59 | 23.26% |
| 5/6/2011 | Jun-11 | 2.505 | 3.110 | 2.495 | 2.51 | 24.15% |
| 5/9/2011 | Jun-11 | 2.555 | 3.140 | 2.535 | 2.555 | 22.90% |
| 5/10/2011 | Jun-11 | 2.58 | 3.140 | 2.575 | 2.59 | 21.71% |
| 5/11/2011 | Aug-11 | 2.475 | 2.850 | 2.465 | 2.49 | 15.15% |
| 5/12/2011 | Aug-11 | 2.4825 | 2.860 | 2.47 | 2.49 | 15.21% |
| 5/13/2011 | Aug-11 | 2.495 | 2.860 | 2.49 | 2.51 | 14.63% |
| 5/16/2011 | Aug-11 | 2.53 | 2.870 | 2.53 | 2.545 | 13.44% |
| 5/17/2011 | Aug-11 | 2.575 | 2.920 | 2.56 | 2.57 | 13.40% |
| 5/18/2011 | Aug-11 | 2.635 | 2.980 | 2.625 | 2.64 | 13.09% |
| 5/19/2011 | Aug-11 | 2.6375 | 2.970 | 2.64 | 2.66 | 12.61% |
| 5/20/2011 | Aug-11 | 2.6525 | 2.970 | 2.65 | 2.68 | 11.97% |
| 5/23/2011 | Aug-11 | 2.635 | 2.960 | 2.61 | 2.63 | 12.33% |

**Exhibit 1**

Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 5/24/2011 | Aug-11 | 2.6025 | 2.960 | 2.61 | 2.64 | 13.74% |
| 5/25/2011 | Aug-11 | 2.635 | 2.970 | | | 12.71% |
| 5/26/2011 | Aug-11 | 2.6375 | 3.000 | 2.63 | 2.635 | 13.74% |
| 5/27/2011 | Aug-11 | 2.66 | 3.030 | | | 13.91% |
| 5/31/2011 | Aug-11 | 2.6375 | 3.030 | 2.63 | 2.655 | 14.88% |
| 6/1/2011 | Aug-11 | 2.64 | 3.040 | 2.63 | 2.64 | 15.15% |
| 6/2/2011 | Aug-11 | 2.66 | 3.110 | 2.65 | 2.66 | 16.92% |
| 6/3/2011 | Aug-11 | 2.6475 | 3.110 | 2.645 | 2.66 | 17.47% |
| 6/6/2011 | Aug-11 | 2.6025 | 3.060 | 2.59 | 2.61 | 17.58% |
| 6/7/2011 | Aug-11 | 2.625 | 3.090 | 2.615 | 2.62 | 17.71% |
| 6/8/2011 | Aug-11 | 2.6725 | 3.090 | 2.67 | 2.685 | 15.62% |
| 6/9/2011 | Aug-11 | 2.755 | 3.175 | 2.745 | 2.755 | 15.25% |
| 6/10/2011 | Aug-11 | 2.7625 | 3.175 | 2.755 | 2.765 | 14.93% |
| 6/13/2011 | Aug-11 | 2.7675 | 3.175 | 2.765 | 2.785 | 14.72% |
| 6/14/2011 | Aug-11 | 2.75 | 3.145 | 2.725 | 2.74 | 14.36% |
| 6/15/2011 | Aug-11 | 2.6725 | 3.115 | 2.68 | 2.7 | 16.56% |
| 6/16/2011 | Aug-11 | 2.62 | 3.145 | 2.63 | 2.64 | 20.04% |
| 6/17/2011 | Aug-11 | 2.63 | 3.155 | 2.625 | 2.635 | 19.96% |
| 6/20/2011 | Aug-11 | 2.645 | 3.155 | 2.635 | 2.64 | 19.28% |
| 6/21/2011 | Aug-11 | 2.69 | 3.215 | 2.675 | 2.685 | 19.52% |
| 6/22/2011 | Aug-11 | 2.62 | 3.115 | 2.605 | 2.62 | 18.89% |
| 6/23/2011 | Aug-11 | 2.62 | 3.095 | 2.59 | 2.62 | 18.13% |
| 6/24/2011 | Aug-11 | 2.59 | 3.075 | 2.575 | 2.585 | 18.73% |
| 6/27/2011 | Aug-11 | 2.55 | 3.075 | 2.55 | 2.575 | 20.59% |
| 6/28/2011 | Aug-11 | 2.5975 | 3.145 | 2.575 | 2.59 | 21.08% |
| 6/29/2011 | Aug-11 | 2.62 | 3.145 | 2.6 | 2.625 | 20.04% |
| 6/30/2011 | Aug-11 | 2.44 | 2.900 | 2.41 | 2.44 | 18.85% |

**Exhibit 1**
Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 7/1/2011 | Aug-11 | 2.48 | 2.910 | 2.46 | 2.48 | 17.34% |
| 7/5/2011 | Aug-11 | 2.55 | 2.910 | 2.53 | 2.55 | 14.12% |
| 7/6/2011 | Aug-11 | 2.555 | 2.910 | 2.56 | 2.565 | 13.89% |
| 7/7/2011 | Aug-11 | 2.585 | 2.970 | 2.575 | 2.58 | 14.89% |
| 7/8/2011 | Aug-11 | 2.66 | 3.050 | 2.64 | 2.66 | 14.66% |
| 7/11/2011 | Dec-11 | 2.385 | 3.360 | 2.345 | 2.375 | 40.88% |
| 7/12/2011 | Dec-11 | 2.445 | 3.420 | 2.425 | 2.44 | 39.88% |
| 7/13/2011 | Dec-11 | 2.51 | 3.470 | 2.49 | 2.525 | 38.25% |
| 7/14/2011 | Dec-11 | 2.5025 | 3.470 | 2.48 | 2.5 | 38.66% |
| 7/15/2011 | Dec-11 | 2.5225 | 3.480 | 2.52 | 2.535 | 37.96% |
| 7/18/2011 | Dec-11 | 2.5 | 3.470 | 2.505 | 2.51 | 38.80% |
| 7/19/2011 | Dec-11 | 2.55 | 3.530 | 2.355 | 2.555 | 38.43% |
| 7/20/2011 | Dec-11 | 2.53 | 3.520 | 2.535 | 2.545 | 39.13% |
| 7/21/2011 | Dec-11 | 2.5125 | 3.510 | 2.515 | 2.52 | 39.70% |
| 7/22/2011 | Dec-11 | 2.53 | 3.540 | 2.525 | 2.54 | 39.92% |
| 7/25/2011 | Dec-11 | 2.515 | 3.460 | 2.5 | 2.52 | 37.57% |
| 7/26/2011 | Dec-11 | 2.57 | 3.470 | 2.535 | 2.54 | 35.02% |
| 7/27/2011 | Dec-11 | 2.555 | 3.470 | | | 35.81% |
| 7/28/2011 | Dec-11 | 2.5525 | 3.450 | | | 35.16% |
| 7/29/2011 | Dec-11 | 2.495 | 3.400 | | | 36.27% |
| 8/1/2011 | Dec-11 | 2.5225 | 3.450 | 2.525 | 2.53 | 36.77% |
| 8/2/2011 | Dec-11 | 2.6 | 3.570 | 2.59 | 2.6 | 37.31% |
| 8/3/2011 | Dec-11 | 2.56 | 3.570 | 2.575 | 2.58 | 39.45% |
| 8/4/2011 | Dec-11 | 2.515 | 3.520 | 2.51 | 2.525 | 39.96% |
| 8/5/2011 | Dec-11 | 2.5625 | 3.580 | 2.54 | 2.565 | 39.71% |
| 8/8/2011 | Dec-11 | 2.51 | 3.530 | 2.51 | 2.525 | 40.64% |
| 8/9/2011 | Dec-11 | 2.517 | 3.530 | 2.515 | 2.53 | 40.25% |

**Exhibit 1**

Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 8/10/2011 | Dec-11 | 2.524 | 3.550 | 2.525 | 2.535 | 40.65% |
| 8/11/2011 | Dec-11 | 2.588 | 3.650 | 2.585 | 2.6 | 41.04% |
| 8/12/2011 | Dec-11 | 2.585 | 3.655 | 2.585 | 2.595 | 41.39% |
| 8/15/2011 | Dec-11 | 2.607 | 3.700 | 2.59 | 2.6 | 41.93% |
| 8/16/2011 | Dec-11 | 2.624 | 3.750 | 2.61 | 2.63 | 42.91% |
| 8/17/2011 | Dec-11 | 2.631 | 3.780 | 2.63 | 2.645 | 43.67% |
| 8/18/2011 | Dec-11 | 2.619 | 3.780 | 2.62 | 2.625 | 44.33% |
| 8/19/2011 | Dec-11 | 2.668 | 3.890 | | | 45.80% |
| 8/22/2011 | Dec-11 | 2.695 | 3.930 | 2.68 | 2.71 | 45.83% |
| 8/23/2011 | Dec-11 | 2.745 | 4.015 | 2.74 | 2.745 | 46.27% |
| 8/24/2011 | Dec-11 | 2.755 | 4.045 | 2.755 | 2.775 | 46.82% |
| 8/25/2011 | Dec-11 | 2.743 | 4.075 | 2.74 | 2.765 | 48.56% |
| 8/26/2011 | Dec-11 | 2.783 | 4.225 | | | 51.81% |
| 8/29/2011 | Dec-11 | 2.788 | 4.245 | 2.785 | 2.795 | 52.26% |
| 8/30/2011 | Dec-11 | 2.773 | 4.305 | 2.76 | 2.775 | 55.25% |
| 8/31/2011 | Dec-11 | 2.757 | 4.365 | 2.755 | 2.775 | 58.32% |
| 9/1/2011 | Dec-11 | 2.695 | 4.335 | 2.705 | 2.725 | 60.85% |
| 9/2/2011 | Dec-11 | 2.742 | 4.485 | 2.73 | 2.745 | 63.57% |
| 9/6/2011 | Dec-11 | 2.73 | 4.505 | 2.725 | 2.73 | 65.02% |
| 9/7/2011 | Dec-11 | 2.732 | 4.505 | 2.725 | 2.735 | 64.90% |
| 9/8/2011 | Dec-11 | 2.712 | 4.505 | 2.695 | 2.705 | 66.11% |
| 9/9/2011 | Dec-11 | 2.689 | 4.505 | 2.68 | 2.7 | 67.53% |
| 9/12/2011 | Dec-11 | 2.695 | 4.565 | 2.68 | 2.695 | 69.39% |
| 9/13/2011 | Dec-11 | 2.651 | 4.530 | 2.65 | 2.66 | 70.88% |
| 9/14/2011 | Dec-11 | 2.642 | 4.530 | | | 71.46% |
| 9/15/2011 | Dec-11 | 2.576 | 4.530 | 2.57 | 2.585 | 75.85% |
| 9/16/2011 | Dec-11 | 2.563 | 4.530 | | | 76.75% |

**Exhibit 1**

Comparison of Brooks's Marks to Nymex Settlements and Broker quotes in Chicago Ethanol (Platts) Contracts ("CU") from 2/2011 to 10/2011

| Trade Date | CU Contract | NYMEX CU settlement price Brooks knew | Brooks entry into the bank affiliate's system | Broker quote Brooks received (BID) | Broker quote Brooks received (OFFER) | Percentage difference between Brooks's mark and NYMEX settlement price |
|---|---|---|---|---|---|---|
| 9/19/2011 | Dec-11 | 2.553 | 4.530 | 2.55 | 2.555 | 77.44% |
| 9/20/2011 | Dec-11 | 2.562 | 4.555 | 2.56 | 2.575 | 77.79% |
| 9/21/2011 | Dec-11 | 2.555 | 4.555 | 2.555 | 2.56 | 78.28% |
| 9/22/2011 | Dec-11 | 2.448 | 4.500 | 2.44 | 2.45 | 83.82% |
| 9/23/2011 | Dec-11 | 2.423 | 4.500 | 2.41 | 2.42 | 85.72% |
| 9/26/2011 | Dec-11 | 2.464 | 4.570 | 2.45 | 2.47 | 85.47% |
| 9/27/2011 | Dec-11 | 2.475 | 4.670 | 2.465 | 2.48 | 88.69% |
| 9/28/2011 | Dec-11 | 2.421 | 4.720 | 2.42 | 2.435 | 94.96% |
| 9/29/2011 | Dec-11 | 2.431 | 4.770 | 2.43 | 2.44 | 96.22% |
| 9/30/2011 | Dec-11 | 2.325 | 4.770 | 2.33 | 2.35 | 105.16% |
| 10/3/2011 | Dec-11 | 2.323 | 4.270 | 2.32 | 2.345 | 83.81% |
| 10/4/2011 | Dec-11 | 2.312 | 4.260 | | | 84.26% |
| 10/5/2011 | Dec-11 | 2.372 | 3.610 | 2.36 | 2.375 | 52.19% |
| 10/6/2011 | Dec-11 | 2.388 | 3.610 | 2.38 | 2.395 | 51.17% |
| 10/7/2011 | Dec-11 | 2.383 | 3.595 | 2.375 | 2.39 | 50.86% |
| 10/10/2011 | Dec-11 | 2.415 | 3.610 | 2.415 | 2.42 | 49.48% |
| 10/11/2011 | Dec-11 | 2.518 | 3.000 | 2.51 | 2.525 | 19.14% |
| 10/12/2011 | Dec-11 | 2.52 | 3.000 | 2.51 | 2.52 | 19.05% |
| 10/13/2011 | Dec-11 | 2.527 | 3.000 | 2.52 | 2.535 | 18.72% |
| 10/14/2011 | Dec-11 | 2.573 | 3.000 | 2.57 | 2.575 | 16.60% |
| 10/17/2011 | Dec-11 | 2.585 | 3.010 | 2.585 | 2.595 | 16.44% |
| 10/18/2011 | Dec-11 | 2.588 | 3.010 | 2.59 | 2.6 | 16.31% |
| 10/19/2011 | Dec-11 | 2.545 | 2.960 | 2.55 | 2.57 | 16.31% |
| 10/20/2011 | Dec-11 | 2.522 | 2.960 | 2.51 | 2.53 | 17.37% |