



```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/14
```

Kenton E. Knickmeyer
P 314.552.6064
F 314.552.7064
kknickmeyer@thompsoncoburn.com

February 25, 2014

**VIA Facsimile**

Not for ECF Filing

Hon. Kimba M. Wood
U.S. District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re:   CFTC v. Brooks, No 13 CV 6879 (KMW):  Request for Pre-Motion Conference Pursuant to Section 2.A Of Court's Individual Practices Concerning Defendant's Motion to Strike Plaintiff's Jury Demand

Dear Judge Wood:

As we discussed briefly in the Rule 16 Conference, Plaintiff, the Commodity Futures Trading Commission, has (in its Complaint) demanded a trial by jury. Our understanding is that Plaintiff believes there should be a jury trial on the issue of our client's (Defendant, John Brooks) liability, but not on the specific remedies, should liability be found. Our client disputes Plaintiff's right to a trial by jury of any issue in this case.

We are prepared to file a motion to strike Plaintiff's jury demand with a supporting memorandum on or before February 28, 2014 as required by the Scheduling Order. Pursuant to Section 2.A of your Individual Practices, we request a pre- motion conference concerning this matter.

The specific issue we intend to raise through the motion is:

> whether the Plaintiff, as an independent agency of the United States government seeking on behalf of the government to enforce a federal statute in a civil proceeding, has a right to demand a trial by jury of any issue in the case?

We believe this issue turns on the scope of the rights to jury trials in civil cases preserved pursuant to the Seventh Amendment to the U.S. Constitution. The scope of individuals' constitutional rights to jury trials in civil enforcement actions brought by federal agencies was addressed in *U.S. v. Tull*, 481 U.S. 412 (1987). In essence, that case holds that a government action to recover a penalty is an action at law, such that the defendant has a Seventh Amendment right to a jury trial on liability, but not on the amount of the penalty. We are not aware of

Thompson Coburn LLP | Attorneys at Law | One US Bank Plaza | St. Louis, Missouri 63101
P 314.552.6000 | F 314.552.7000 | www.thompsoncoburn.com

February 25, 2014
Page 2

decisions in this Circuit, much less the U.S. Supreme Court, that address the question of whether the government has a constitutional right to a jury trial in such cases.

We have found one case, *S.E.C. v. Kopsky*, 537 F.Supp.2d 1023 (E.D.Mo. 2008) which addresses the issue in a setting analogous to that of this case – an SEC civil enforcement action. In *Kopsky*, the District Court held the SEC has a Seventh Amendment right to a jury trial on liability in an enforcement action in which it seeks a civil monetary penalty.

We intend to argue that *Kopsky* was wrongly decided. In particular, the District Court did not recognize the distinction between a *practice* which may have existed in English courts at the time the Seventh Amendment was adopted, and a *right* to jury trial that was enshrined in the Magna Carta in English law before the Seventh Amendment was adopted and thus is protected by the Seventh Amendment.

We have briefly explained our position on this issue to Plaintiff's Counsel. They advise that they do not intend to withdraw Plaintiff's jury demand. As this issue needn't be resolved in order for the parties to proceed with discovery, and in light of the significant constitutional question that is raised by the motion, we think it would be appropriate for the briefing schedule to be relatively extended. After conferring with Plaintiff's Counsel on this issue, we respectfully suggest that the Plaintiff have 45 days to submit a response to our motion, and that we have 15 days thereafter to submit a reply brief.

Granted.
KMW

Very truly yours,

Thompson Coburn LLP

By
    Kenton E. Knickmeyer

KEK/

cc: Janine Gargiulo
    David Acevedo
    Richard Reibman

No premotion conference is necessary. The Motion to Strike Plaintiff's Jury Demand shall be made by May 5, 2014. The Response is due June 19, 2014. - KMW Any Reply is due July 7, 2014.

3-5-14
SO ORDERED, N.Y., N.Y.

*Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.